AUSA Russell Capone
212-637-2247

11-8343-AEV

CR 12 (Rev. 6/82)     WARRANT FOR ARREST

| United States District Court | DISTRICT<br>SOUTHERN DISTRICT OF NEW YORK | |
|---|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JACQUELINE STEPHENS | DOCKET NO. | MAGISTRATE'S CASE NO.<br>11 MAG 2267 |
| | NAME AND ADDRESS OF INDIVIDUAL TO BE ARRESTED<br>JACQUELINE STEPHENS | |
| WARRANT ISSUED ON THE BASIS OF: ☐ Order of Court<br>☐ Indictment  ☐ Information  X Complaint | DISTRICT OF ARREST<br>SOUTHERN DISTRICT OF NEW YORK | |
| TO:<br>ANY AUTHORIZED FEDERAL LAW ENFORCEMENT OFFICER | CITY | |

YOU ARE HEREBY COMMANDED to arrest the above-named person and bring that person before the United States District Court to answer to the charge(s) listed below.

**DESCRIPTION OF CHARGES**

Theft of Government Money

FILED by _____ D.C.
SEP 08 2011
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| IN VIOLATION OF | UNITED STATES CODE TITLE<br>18 | SECTIONS<br>641 |
|---|---|---|
| | BAIL | OTHER CONDITIONS OF RELEASE |

ORDERED BY JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK
CLERK OF COURT

SIGNATURE (FEDERAL JUDGE/U.S. MAGISTRATE)

(BY) DEPUTY CLERK

DATE ORDERED
AUG 26 2011
DATE ISSUED

**RETURN**

This warrant was received and executed with the arrest of the above-named person.

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE EXECUTED | | |

Note: The arresting officer is directed to serve the attached copy of the charge on the defendant at the time this warrant is executed.

Approved:  *Russell Capone*  **11 MAG 2267**
RUSSELL CAPONE
Assistant United States Attorney

Before:   THE HONORABLE JAMES C. FRANCIS IV
          United States Magistrate Judge
          Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA              :
                                         SEALED COMPLAINT
        - v. -                        :
                                         Violation of
JACQUELINE STEPHENS,                  : 18 U.S.C. § 641

                    Defendant.        : COUNTY OF OFFENSE:
                                        NEW YORK
- - - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, SS:

    ROBERT FRANZKE, being duly sworn, deposes and says that he is a Special Agent for the United States Treasury Inspector General for Tax Administration:

                    COUNT ONE

    1.  From in or about September 2008 through in or about October 2008, in the Southern District of New York and elsewhere, JACQUELINE STEPHENS, the defendant, willfully and knowingly, did embezzle, steal, purloin, and convert to her use and the use of another, vouchers, money and things of value of the United States and a department and an agency thereof, to wit, the United States Department of the Treasury, the value of which exceeded $1,000, and did receive, conceal, and retain the same with intent to convert it to her use and gain, knowing it to have been embezzled, stolen, purloined and converted, to wit, STEPHENS negotiated two United States Treasury checks containing tax refunds to which she was not entitled.

    (Title 18, United States Code, Sections 641 and 2.)

1

The basis for my knowledge and for the foregoing charges are, in part, as follows:

2. I am currently employed as a Special Agent for the United States Treasury Inspector General for Tax Administration ("TIGTA"), and have participated in the investigation of this case. This affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers and other people. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. From my review of a forensic data analysis conducted by TIGTA as well as other reports prepared by TIGTA and the Internal Revenue Service ("IRS"), I have learned the following:

a. An individual named Fern Stephens was employed as an IRS Revenue Officer in the Small Business/Self Employed division from 1991 to on or about January 28, 2011. Stephens worked out of an office in Manhattan, New York.

b. As of approximately March 2008, a company known as RBS Fabrics Ltd. ("RBS") had gone out of business and was owed three Federal Tax Deposits in the amounts of $11,133.15, $4,646.54, and $17,411.66. The officer assigned to the case had noted unsuccessful attempts at taxpayer contact to return these funds to the company.

c. On or about May 3, 2007 and December 28, 2007, Fern Stephens accessed the IRS's Integrated Data Retrieval System ("IDRS") Account for RBS and transferred the Federal Tax Deposits of $11,133.15 and $17,411.66 referenced in paragraph 3(b) above to, respectively, the IDRS Accounts for Yashante Budhi and JACQUELINE STEPHENS, the defendant. This automatically generated a $11,393.46 refund check (Treasury Check No. 230716724525) to Budhi, and a $17,818.78 refund check (Treasury Check No. 230947931713) to JACQUELINE STEPHENS.

4. On or about October 14, 2009, another Special Agent for TIGTA ("Agent-1") interviewed William Blockton, the

2

former owner of RBS. From speaking with Agent-1, I learned that Blockton told him the following, in substance and in part:

    a. BLOCKTON was the owner and president of RBS for approximately 40 years, until the company liquidated its assets and went out of business in March 2008.

    b. RBS paid federal tax deposits in the amounts of $11,133.15 and $17,411.66 in the first quarter of 2007.

    c. In May 2008, Blockton provided an IRS employee named Fern Stephens with documentation regarding his filing for the first quarter of 2007 and the payment of payroll taxes. He informed her that RBS was no longer in business.

    d. In June 2008, Fern Stephens informed Blockton via telephone that RBS had met its tax obligations.

    e. Subsequent to his contacts with Fern Stephens, Blockton received a letter from the IRS stating that RBS had been issued a credit of $4,646.54 based upon overpayment.

    f. Neither JACQUELINE STEPHENS, the defendant, nor Yashante Budhi ever worked for RBS. Blockton did not know of any reason why federal tax deposits made to RBS would be converted to the taxpayer accounts of either JACQUELINE STEPHENS or Budhi.

    5. Based on my review of documents and surveillance video from Buckeye Check Cashing ("Buckeye") in West Palm Beach, Florida, as well as my discussions with a representative from Buckeye, I learned the following:

    a. An individual named "Jacqueline Stephens" negotiated U.S. Treasury check No. 230947931713 at Buckeye in the amount of $17,818.78 on September 30, 2008.

    b. Stephens presented identification at the time of the transaction.

    c. Stephens provided Buckeye with a phone number of (561) 294-0854 (the "0854 Phone").

    d. Stephens was using a cellular telephone during the transaction.

3

    e. I have compared the surveillance video from Buckeye to a photograph of JACQUELINE STEPHENS, the defendant, I obtained from the Florida Department of Motor Vehicles, and they appear to depict the same person.

    6. Based on my review of records from Metro PCS, I learned, in substance and in part, that the 0854 Phone called the number (718) 541-2057 ("2057 Phone") at the time of the transaction referenced in paragraph 6 above. Based on my review of records from Cellco Partnership D/B/A Verizon Wireless, I know that the 2057 Phone is subscribed to by Fern Stephens.

    7. Based on my review of documents from Wachovia Bank and my discussions with a representative from Wachovia Bank, I learned the following:

    a. On October 1, 2008, U.S. Treasury Check No. 230716724525 in the amount of $11,393.46 was cashed by an individual named "Jacqueline Stephens" at a Wachovia branch in the Garden Park Plaza Financial Center, Palm Beach Gardens, Florida.

    b. The check was made out to Yashante Budhi but endorsed to and signed by "Jacqueline Stephens."

    c. Also on October 1, 2008, $3,500 was deposited into a Wachovia Bank account held jointly by JACQUELINE STEPHENS, the defendant, and Yashante Budhi.

    8. From my review of IRS reports, I learned the following:

    a. For the tax period ending 2008, JACQUELINE STEPHENS, the defendant, was paid a refund of $4,725 on her personal income taxes, separate and apart from the money sent to her via U.S. Treasury check No. 230947931713. JACQUELINE STEPHENS did not report any income from RBS.

    b. For the tax period ending 2008, Yashante Budhi was paid a refund of $3,408 on her personal income taxes, separate and apart from the money sent to her via U.S. Treasury Check No. 230716724525. Budhi did not report any income from RBS.

    9. On or about December 17, 2010, another TIGTA Special Agent ("Agent-2") interviewed JACQUELINE STEPHENS, the

4

defendant. From speaking with Agent-2, I learned that JACQUELINE STEPHENS told him the following, in substance and in part:

    a. JACQUELINE STEPHENS is the sister of Fern Stephens and the mother of Yashante Budhi.

    b. JACQUELINE STEPHENS was aware that her sister, Fern Stephens, worked for the IRS and was involved in the tax collection process.

    c. In 2008, JACQUELINE STEPHENS agreed to accept tax refund checks made out to herself and to Budhi on behalf of her sister, Fern Stephens. Fern Stephens told JACQUELINE STEPHENS that the money was owed to Fern Stephens. JACQUELINE STEPHENS did not ask Fern Stephens why the checks were not made out to Fern Stephens directly, because JACQUELINE STEPHENS "trust[ed] her sister."

    d. JACQUELINE STEPHENS received and negotiated United States Treasury check No. 230947931713, which was made out to herself in the amount of $17,818.73. STEPHENS was shown a copy of the check and identified the signature as hers.

    e. After negotiating United States Treasury check No. 230947931713, JACQUELINE STEPHENS kept $1,000 and wired the remaining funds to her sister, Fern Stephens.

    f. JACQUELINE STEPHENS received and negotiated United States Treasury check No. 230716724525, which was made out to Yashante Budhi in the amount of $11,393.46. STEPHENS was shown a copy of the check and stated that she signed both Budhi's endorsement and her own name, and that she did this without Budhi's permission.

    g. After negotiating United States Treasury Check No. 230716724525, JACQUELINE STEPHENS kept $1,000 and wired the remaining funds to her sister, Fern Stephens. JACQUELINE STEPHENS gave "a couple hundred" dollars to Budhi.

    h. JACQUELINE STEPHENS has never worked for or heard of RBS.

    10. Based on my review of publicly available documents, I know that on June 24, 2011, Fern Stephens pled guilty in the United State District Court, Southern District of

5

New York, to a three-count indictment charging her with mail fraud, theft of public monies, and fraud in connection with computers. The indictment to which Fern Stephens pled alleged that she caused more than 19 fraudulent IRS credit transfers, including transfers in the amount of $11,393.46 and $17,818.78 on September 28, 2008.

WHEREFORE, deponent respectfully requests that JACQUELINE STEPHENS, the defendant, be arrested and imprisoned or bailed, as the case may be.

_____
ROBERT FRANZKE
Special Agent
United States Treasury Inspector
   General for Tax Administration

Sworn to before me this
26th day of August 2011

_____
THE HONORABLE JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

6